UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'   JS-6

| Case No. | 2:15-cv-09073-CAS(MRWx) | Date | February 4, 2016 |
|---|---|---|---|
| Title | NOVART KASBARIAN V. JPMORGAN CHASE BANK, NATIONAL ASSOCIATION ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine M. Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:** (IN CHAMBERS) - MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6) (Dkt. 8, filed November 30, 2015)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of February 8, 2016, is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION

On October 8, 2015, Novart Kasbarian ("plaintiff") filed this action in the Los Angeles County Superior Court against defendants JP Morgan Chase Bank, National Association ("JP Morgan"); Chase Home Finance, LLC ("Chase"); MTC Financial Inc. d/b/a Trustee Corps; and Does 1 through 20 (collectively, "defendats"). Dkt. 1. Defendants subsequently removed the action to this Court, asserting diversity jurisdiction. Id. Plaintiff's complaint asserts claims against defendants for (1) breach of contract; (2) wrongful foreclosure; (3) negligence; (4) negligent misrepresentation; (5) fraud; and (6) violation of California Business and Professions Code § 17200, et seq. See Compl.

On November 30, 2015, defendants filed a motion to dismiss plaintiff's complaint. Dkt. 8.[1] Plaintiff filed an opposition on January 19, 2016, Dkt. 13, and defendants filed a

---

[1] Defendants filed their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). However, in their motion, defendants argue that the Court lacks subject matter jurisdiction over plaintiff's claims, and the Court grants defendants motion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-09073-CAS(MRWx) | Date | February 4, 2016 |
|---|---|---|---|
| Title | NOVART KASBARIAN V. JPMORGAN CHASE BANK, NATIONAL ASSOCIATION ET AL. | | |

reply on January 25, 2016, Dkt. 14.  Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiff alleges that she and her husband obtained a loan in 2006 secured by a deed of trust on certain real property located in Pasadena, California.  Compl. ¶ 13.  The following year, plaintiff approached a real estate broker, Varevar Mazmanian ("Mazmanian") regarding refinancing her home with the backing of Washington Mutual Bank ("Washington Mutual").  Id. at ¶ 15.  Plaintiff alleges that Mazmanian misrepresented numerous details regarding her refinancing.  For example, she alleges that Mazmanian told her that her refinancing would involve a 30-year fixed rate loan, when in reality her loan documents clearly stated that the loan would be for a term of 5 years and with an adjustable rate.  Id. at ¶ 15-16.  Plaintiff eventually learned that Mazmanian was not a licensed real estate broker and, thereafter, learned that many of his representations regarding her refinancing had been false.  Id. at ¶¶ 24, 25.

In her complaint, plaintiff faults Washington Mutual for Mazmanian's conduct.  She alleges that, at the time of her refinancing, Washington Mutual had a corporate policy of only working with properly licensed real estate brokers.  Id. at ¶ 20.  She further alleges that Washington Mutual represented to her that it had checked that Mazmanian had a valid license to work as a real estate broker.  Id. at ¶ 29.  Plaintiff states that this representation was not true.  Id.

In their papers, the parties agree that, after the events alleged in the complaint, Washington Mutual became a failed bank.  Mot., at 4; Opp'n., at 3.  At that time, many of its assets, including plaintiff's mortgage were acquired by defendants.  Id.

---

on these grounds.  Challenges to a court's subject matter jurisdiction are properly assessed on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).  Accordingly, the Court construes defendants' motion as a motion to dismiss for lack of jurisdiction pursuant to Rule 12(b)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-09073-CAS(MRWx) | Date | February 4, 2016 |
| Title | NOVART KASBARIAN V. JPMORGAN CHASE BANK, NATIONAL ASSOCIATION ET AL. | | |

### III. LEGAL STANDARD

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the objection that the federal court has no subject matter jurisdiction over the action. This defect may exist despite the formal sufficiency of the allegations in the complaint. T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D.N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

Once a Rule 12(b)(1) motion has been raised, the burden is on the party asserting jurisdiction. Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004). If jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000. See id.

### IV. DISCUSSION

Defendants assert that all of plaintiffs claims are barred pursuant to the Financial Institutions, Reform, Recovery, and Enforcement Act ("FIRREA"). Specifically, defendants argue that, in this action, plaintiff is attempting to hold defendants liable for the conduct of Washington Mutual, which is a failed bank. Pursuant to FIRREA, when a plaintiff asserts a claim against the assets of a failed bank or when a plaintiff's claim arises out of the acts or omission of a failed bank, the plaintiff is required to exhaust certain administrative remedies with the Federal Deposit Insurance Company ("FDIC") before bringing a claim in federal court. See 12 U.S.C. § 1821(d)(13)(D). Until a plaintiff exhausts their administrative remedies, federal courts are deemed to lack jurisdiction over the plaintiff's claims. See Intercontinental Travel Marketing, Inc. v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-09073-CAS(MRWx) | Date | February 4, 2016 |
| Title | NOVART KASBARIAN V. JPMORGAN CHASE BANK, NATIONAL ASSOCIATION ET AL. | | |

F.D.I.C., 5 F.3d 1278, 1282 (9th Cir. 1994) ("In Henderson v. Bank of New England we held that no jurisdiction exists if a claimant does not exhaust FIRREA's administrative process.") (citing Henderson v. Bank of New England, 986 F.2d 319, 320–21 (9th Cir. 1993). This is true even where the plaintiff asserts a claim against an institution that has merely acquired the assets of a failed bank. Benson v. JPMorgan Chase Bank, N.A., 673 F.3d 1207, 1215 (9th Cir. 2012) ("We agree with [other] circuits that FIRREA's jurisdictional bar applies to claims asserted against a purchasing bank when the claim is based on the conduct of the failed institution.").

In her opposition, plaintiff concedes that this action falls within the purview of FIRREA and that she has not yet exhausted her administrative remedies with the FDIC. Accordingly, because all of plaintiff's claims in this action arise out of the acts or omission of a failed bank, Washington Mutual, this action falls within the purview of FIRREA and this Court lacks jurisdiction over this action.

For this reason, the Court **GRANTS** defendants motion to dismiss.

### V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendants' motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |